UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTHONY SALAZAR,

    Plaintiff,

v.

CHAPLAIN CALDERIN,

    Defendant.

Case No. 2:19-cv-001870-APG-BNW

**ORDER**

Presently before the court are two motions. First, Plaintiff filed a motion requesting that the court authorize the presence of an assisting inmate at her[1] upcoming Inmate Early Mediation Conference. (ECF No. 8.) This motion was filed on January 9, 2020. Defendant responded on January 22, 2020 (ECF No. 14), and Plaintiff replied on February 7, 2020 (ECF No. 19). Second, Plaintiff filed a motion requesting that the court continue the mediation (ECF No. 9) on January 9, 2020. Defendant did not respond to this motion.

**I.  PLAINTIFF'S MOTION AUTHORIZING PRESENCE OF ASSISTING INMATE**

    **A.  The Parties' Arguments**

Plaintiff requests that the court allow an assisting inmate to be present with her at her upcoming mediation. Plaintiff explains that after filing her complaint and surviving screening on claim two, she met a "paralegal inmate seasoned in civil litigation . . . ." (ECF No. 8 at 2.) Since that time, this other inmate, Tony White, and Plaintiff have had extensive discussions about Plaintiff's case (*e.g.*, its strengths and weaknesses, prospects, settlement terms, etc.). (*Id.*) Plaintiff states that she is "unskilled" in the law, and it is clear she believes she would benefit from Mr.

---

[1] Plaintiff states that she is a male-to-female transgender individual and requests that the court and parties refer to her using female pronouns. (ECF No. 8 at 1.) The court respects this request and will endeavor to do so at all times.

White's assistance at her mediation. Accordingly, Plaintiff requests that the court allow Mr. White to attend Plaintiff's mediation to assist her. (*Id.*) Plaintiff cites several cases (from the Ninth Circuit and other jurisdictions) in support of her argument.

Defendant opposes Plaintiff's request to have Mr. White assist her at her mediation. (ECF No. 14.) Defendant makes six arguments in support of its position: (1) If Mr. White assists Plaintiff at her mediation, he will be engaging in the unauthorized practice of law, which is a crime in Nevada. (2) Prison regulations do not allow inmates to assist one another at mediations. (3) Plaintiff does not identify any special circumstances justifying the need for inmate assistance at her mediation. (4) Plaintiff's request to have another inmate present at the mediation presents confidentiality concerns. (5) Plaintiff and Mr. White's communications at the mediation would not be protected by the attorney-client privilege, and Plaintiff likely does not appreciate the implications of this fact. (6) Allowing inmates to assist one another at mediations raises safety concerns. Prison regulations allow inmates to assist one another on their cases to an extent, but inmates are not allowed to charge for such services. However, some inmates attempt to do so and if these fees are not paid, safety issues can arise. (*Id.* at 3-6.)

Plaintiff's reply rejects all of Defendant's arguments. She argues that Mr. White would not be engaged in the unauthorized practice of law, that the prison regulations permit inmates to assist one another, and that no confidentiality and safety concerns exist. (ECF No. 19.) Plaintiff also notes that special circumstances do exist justifying Mr. White's presence at her mediation. (*See id.* at 4.) Plaintiff states that "to some extent her cognitive functions are compromised and impacted by her persistent depression, distress, and anguish caused from her untreated gender dysphoric condition, which at times becomes so significant and overwhelming so as to impair her perception, judgment and rationales." (*Id.*)

**B. Analysis**

Neither party cited, and the court is unaware of, any controlling Ninth Circuit precedent that specifically governs whether assisting inmates can be present at mediations. What controlling law does exist relates to requiring prisons to give prisoners access to law libraries or allow prisoners to assist one another (inside prisons) so that they have meaningful access to the court.

*See, e.g.*, *Johnson v. Avery*, 393 U.S. 483, 490 (1969) (state must provide inmates with reasonable alternative or allow inmates to assist one another with cases in the prison); *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 855 (9th Cir. 1985) ("Relying on *Bounds,* we have held that a prison must provide inmates with access to an adequate law library or, *in the alternative,* with adequate assistance from persons trained in the law."); *Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981) ("Inmate writ writers may assist other prisoners in the preparation of, and filing of, petitions for post-conviction relief. No authority authorizes them to engage in the practice of law by filing papers with the court as the inmate's legal representative.") (internal citations omitted).

Here, it appears that Plaintiff will have meaningful access to the court (during the mediation) without an assisting inmate being present. The prison has a law library and a policy for allowing inmates to assist one another at the prison. (*See* ECF No. 14-1 (prisoner regulation regarding inmate legal access).) Additionally, Plaintiff does not allege any other limitations that would prevent her from having meaningful access to the court (despite the law library and inmate assistance at the prison) if she was not allowed to have another inmate present during the mediation (e.g., being illiterate or not speaking English). The court does note that in Plaintiff's reply brief, she states that she has depression from untreated gender dysphoria and impaired judgment. (ECF No. 19 at 4.) However, the court does not believe that these factors will prevent Plaintiff from meaningfully engaging in the judicial process during the mediation. This is so because Plaintiff drafted and filed her initial complaint without the assistance of another inmate and survived screening. (*See* ECF No. 8 at 1.) Accordingly, Plaintiff demonstrated that despite whatever mental health issues she may be facing, she is able to advocate for herself in court. Finally, the court notes that it is the mediator's job, in part, to provide a candid assessment of Plaintiff's case to her and to explain the mediation process as it occurs.[2]

---

[2] Plaintiff is encouraged to ask the mediator questions to ensure that she understands and is comfortable with the process.

The court also reviewed the prison regulations cited by both parties. (ECF No. 14-1.) They do not expressly permit inmates to assist one another at mediations. (*Id.* at 6-7.)

Because Plaintiff failed to show that she is entitled to have an inmate assistant present at her mediation, the court will deny Plaintiff's motion. (ECF No. 8.)

## II. PLAINTIFF'S MOTION TO CONTINUE THE INMATE EARLY MEDIATION CONFERENCE

In light of the court's orders at ECF Nos. 18 and 20 continuing the Inmate Early Mediation Conference from 2/28/2020 to 3/13/2020, Plaintiff's motion to continue the mediation conference (ECF No. 9) is denied as moot.

## III. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Plaintiff's motion authorizing presence of assisting inmate (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to continue the inmate early mediation conference (ECF No. 9) is DENIED as moot.

DATED: February 24, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE