UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Anthony Salazar, | Case No. 2:19-cv-001870-APG-BNW |
| Plaintiff, | |
| v. | **Supplementary Order re [43], [52], [64], [65], and [68]** |
| Chaplain Calderin, | |
| Defendant. | |

This matter came on for a February 8, 2021 hearing on plaintiff's motions at ECF Nos. 43, 52, 64, 65, and 68.  ECF No. 81.  During the hearing the Court resolved several discovery issues pertaining to various discovery requests that plaintiff served upon defendant.  The Court ordered defendant Chaplain Calderin to provide a supplementary response to some but not all of these requests.

Given the length of the Court's oral ruling, and the inability of Salazar to access a recording of the February 8 hearing, the Court issues this supplementary order which sets forth the Court's oral ruling on every individual discovery request at issue in plaintiff's motions.  This order does not modify, expand, or limit any ruling that this Court issued at the hearing.  Further, this order is not comprehensive of every issue resolved or deadline imposed at the hearing.  To the extent this supplementary order is inconsistent with the Court's oral ruling, the oral ruling shall control.

**ECF No. 43:**

**Request for Production No. 1.**  Salazar requested from Calderin a copy any "NDOC Inmate Request Form Doc-3012" between September 2017 through February 1, 2018, submitted by Salazar, pertaining to Salazar, directed to Calderin, related to Salazar's access to and

participation in religious activities, events, and functions at High Desert State Prison ("HDSP"). The Court overruled Calderin's objections and ordered him to supplement his response.

**Request for Production No. 4.** Salazar asked Calderin to produce "any attendee list that reflects the days plaintiff attended chapel, and any attendance." The Court held that although Calderin does not himself keep an attendance list, his affidavit did not sufficiently explain whether this list is within his possession, custody, or control. Thus, the Court ordered that Calderin must investigate whether he can obtain this list on demand from the Nevada Department of Corrections ("NDOC"). If he is able to obtain this list on demand, he must produce it to Salazar.

However, the Court also found that Salazar's request was slightly overbroad. The only portion of this request that is relevant is information pertaining directly to Salazar. Salazar did not establish the relevance of the names of the other attendees. Therefore, this request was limited to information solely about Salazar's attendance.

**ECF No. 52:**

**Request for Interrogatory No. 10.** Salazar asked Calderin to "provide any knowledge or fact you have . . . that relates to count 2 of the first amended civil rights complaint and the allegations set forth therein." The Court found that this interrogatory was overbroad and unduly burdensome. An interrogatory "should consist of a brief, simple, direct, and unambiguous question, dealing with one point only." *Sattari v. Citi Mortg.*, 2010 WL 4782133, at *1 (D. Nev. Nov. 17, 2010). Salazar may modify this interrogatory and resubmit it to Calderin.

**ECF No. 65:**

*Withdrawal of the admissions*. The Court found that the matter contained in Salazar's second set of Requests for Admissions was admitted on the 31st day after service. However, the Court construed Calderin's response brief as a motion to withdraw admission under Rule 36(b) of the Federal Rules of Civil Procedure. The Court found that permitting withdrawal of the admissions would promote the presentation of the merits, that Salazar would not be prejudiced by the withdrawal, and that any prejudice wrought on Salazar could be ameliorated through an extension of the discovery schedule. Therefore, the Court ordered that Calderin's admissions

were withdrawn and that the response to Salazar's second set of Requests for Admissions, which he served upon her on November 19, 2020, would control.  Because those responses would control, Salazar is able to review the objections and—if she so chooses—move to overrule them after a sufficient meet and confer.

***Whether Calderin waived his objections to the second set of requests for interrogatories and requests for production of documents.***  The Court here declined to address whether Calderin waived his untimely objection to Salazar's second set of requests for production of documents.  Those untimely objections were addressed later in the Court's oral ruling (and later in this supplementary order).

Under Rule 6(b)(1) of the Federal Rules of Civil Procedure, the Court excused the untimeliness of Calderin's objections to the second set of requests for interrogatories.   The Court's decision was based on its finding that the responses were untimely due to excusable neglect.[1]  Because the Court excused the untimeliness of Calderin's objections, the Court analyzed each request for interrogatory to determine whether the objections were sustained or overruled.

**Request Interrogatory No. 11.**  Salazar asked Calderin to identify all parties who filed complaints against Calderin in the preceding 10 years "which relate to . . . or concern sexual orientation or religious discrimination, deprivation of religious rights, interference with religious practices, and falsification of official department records."  The Court found that the portion of the interrogatory pertaining to discrimination on the basis of sexual orientation was irrelevant because Salazar's equal protection claim is based on her religious affiliation, not her sexual orientation.

However, the Court found that the remainder of the interrogatory was relevant.  The Court overruled Calderin's objections as boilerplate and ordered Calderin to supplement his response to this interrogatory as stated herein.

---

[1] The Court expressly rejected Salazar's contention that counsel acted in bad faith or that he had perpetrated a fraud upon the Court, and it cautioned Salazar against using this language in the future.

**Request Interrogatory No. 12.**  Salazar asked Calderin to identify every cause of action asserted against him in the past 10 years by an NDOC inmate for alleged violations of the inmate's constitutional rights.  The Court noted that following an extensive search of relevant electronic databases, Calderin provided Salazar with a list of actions in which he was sued.  The Court found that this response was sufficient and that any further production would be unduly burdensome.  Therefore, no further supplementation by Calderin is required.

**Request Interrogatory No. 13.**  Salazar asked Calderin to identify the individuals responsible for creating and maintaining HDSP chapel attendance lists between May 12, 2017, through the present.  The Court had already ordered Calderin to conduct an inquiry into whether he can obtain a chapel attendance list on demand.  The Court therefore held that if Calderin is in fact able to obtain a chapel attendance list on demand, then he must produce it to Salazar and, to the extent possible, provide a supplementary response to Interrogatory No. 13.

**Request Interrogatory No. 14.**  Salazar asked Calderin to identify "every practice, procedure, [administrative regulation], [operating procedure], custom, usage, policy, agency protocol, regulation, and rule" that Calderin adhered to from May 12, 2017, to the present in adding and deleting inmates from all, each, and every religious chapel list at HDSP.  The Court had already ordered Calderin to conduct an inquiry into whether he can obtain a chapel attendance list on demand.  The Court therefore held that if Calderin is in fact able to obtain a chapel attendance list on demand, then he must produce it to Salazar and, to the extent possible, provide a supplementary response to Interrogatory No. 14.

**Request Interrogatory No. 15.**  Salazar asked Calderin to identify "every administrative personnel action and discipline" taken against Calderin in the preceding 10 years that involves and relates to the performance of his duties as chaplain for the NDOC.  The Court found that this request was overbroad because it captured the universe of personnel action against Calderin, which means that the request was broad enough to produce information entirely irrelevant to Salazar's claim.  The Court ordered that no further response to Interrogatory No. 15 was required.

*Salazar's second set of requests for production of documents.*  The Court found that Calderin provided a nonresponse to Salazar's motion as it pertained to compelling a

supplementary response to her second set of requests for production of documents.  Therefore, the Court held that Calderin waived most, but not all, of his objections.

On the basis of good cause, the Court sua sponte modified the requests as set forth below. The Court directed Calderin to provide a privilege log to Salazar for any documents withheld on the basis of official government information privilege or on the basis of concerns for the safety and security of inmates, officers, employees, or other persons at the correctional institution. Salazar shall review the logs, meet and confer with counsel, and file any motions she deems appropriate.

**Request for Production No. 1.**  Salazar asked Calderin for every administrative regulation and operational procedure concerning the falsification of departmental records by staff. The Court found this request was irrelevant and ordered that Calderin need not supplement his response.

**Request for Production No. 2.**  Salazar asked Calderin for every grievance filed against Calderin for the past 10 years concerning sexual orientation or identity discrimination.  The Court found this request was irrelevant and ordered that Calderin need not supplement his response.

**Request for Production No. 3.**  Salazar asked Calderin for every grievance filed against Calderin for the past 10 years concerning religious discrimination.  The Court found that a 10-year period was overbroad.  The Court limited the request to 3 years and ordered Calderin to supplement his response.

**Request for Production No. 4.**  Salazar asked Calderin for every grievance filed against Calderin for the past 10 years concerning a deprivation of an inmate's religious rights.  The Court found that a 10-year period was overbroad.  The Court limited the request to 3 years and ordered Calderin to supplement his response.

**Request for Production No. 5.**  Salazar asked Calderin for every grievance field against Calderin for the past 10 years concerning Calderin's interference with an inmate's religious practices.  The Court found that a 10-year period was overbroad.  The Court limited the request to 3 years and ordered Calderin to supplement his response.

**Request for Production No. 6.** Salazar asked Calderin for every grievance filed against Calderin for the past 10 years concerning falsification of official documents and reports. The Court found that a 10-year period was overbroad. The Court limited the request to 3 years and ordered Calderin to supplement his response.

**Request for Production No. 7.** Salazar asked Calderin for every grievance filed against Calderin regarding any misconduct associated with his duties as chaplain for the NDOC. The Court found that this request was far too overbroad and ordered that Calderin need not supplement his response.

**Request for Production No. 8.** Salazar asked Calderin for every grievance filed against Calderin for the past 10 years concerning any topic listed in Requests for Production Numbers 2 through 7. The Court found that this request was duplicative and ordered that Calderin need not supplement his response.

**Request for Production No. 9.** Salazar asked Calderin for every investigative factual conclusion reached as the result of all investigations related to topics mentioned in Requests for Production Numbers 2 through 8. The Court founds that this request was duplicative, vague, ambiguous, and overbroad. The Court therefore ordered that Calderin need not supplement his response.

**Request for Production No. 10.** Salazar asked Calderin for "each and every record retention schedule and policy of HDSP and NDOC which pertains to each and every document sought and identified in [Request for Production No. 1] and the instant production requests." The Court found that this request was irrelevant and ordered that Calderin need not supplement his response.

**Request for Production No. 11.** Salazar asked Calderin for every grievance filed by Salazar between May 2017 to the present concerning Salazar's religious practices, rights, access, and accommodations. The Court ordered that Calderin shall supplement his response.

**Request for Production No. 12.** Salazar asked Calderin for every "work attendance record" at HDSP from May 2017 through December 2017. The Court found that this request was irrelevant and overbroad and ordered that Calderin need not supplement his response.

**Request for Production No. 13.**  Salazar asked Calderin for every "call out Thelema attendance list from May 2017 through February 28, 2020."  The Court found this request was overbroad and duplicative, and it ordered that Calderin need not supplement his response.

**Request for Production No. 14.**  Salazar asked Calderin or every "HDPS chapel use schedule for the Thelema religious group between May 2017 through December 20, 2017."  The Court found that this request was irrelevant and ordered that Calderin need not supplement his response.

**Request for Production No. 14.**  Salazar asked Calderin for every "HDSP chapel use schedule for the Thelema religious group between May 1, 2017 and December 20, 2017."  The Court found that this request was irrelevant and ordered that Calderin need not supplement his response.

**Request for Production No. 15.**  Salazar asked Calderin for every "Nevada Offender Tracking Information System [] report which reflects plaintiff's documented religion between May 12, 2017," through the present.  The Court ordered Calderin to supplement his response.

**ECF No. 64:**

The Court denied Salazar's motion for an order to show cause.  The Court found that counsel was negligent but had not acted in bad faith.  The Court also found that Salazar was not prejudiced by Calderin's belated responses to the third set of discovery requests.  The Court further found that what little prejudice may have occurred could be ameliorated through an extension of the discovery schedule.

Additionally, on the basis of good cause, the Court excused the untimeliness of Calderin's responses to Salazar's third set of discovery requests.  Salazar may review Calderin's objections to these requests, meet and confer with counsel, and file whatever motion she deems appropriate (though not on the basis of untimeliness).

**ECF No. 68:**

The Court granted Salazar's motion to extend the scheduling order.  Discovery expires on April 5, 2021; discovery motions are due April 26, 2021; dispositive motions are due May 10, 2021; and the joint pretrial order is due June 9, 2021, unless there are pending dispositive motions

pending, in which case the joint pretrial order is due 30 days after the final dispositive motion is resolved.

DATED: February 16, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE