UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Anthony Salazar, | Case No. 2:19-cv-01870-APG-BNW |
| Plaintiff, | |
| v. | **Order re [82], [83], and [88]** |
| Chaplain Calderin, | |
| Defendant. | |

Before the Court are three motions filed by plaintiff Anthony Salazar. The Court assumes the parties' familiarity with the facts and procedural history in this matter.

The first motion is to correct Salazar's first amended complaint. ECF No. 82. This motion is unopposed and it will therefore be granted. The second motion is for an order permitting plaintiff and her assisting inmate physical access to the law library at High Desert State Prison ("HDSP"). ECF No. 83. This motion will be denied because the motion seeks, in effect, an injunction unrelated to the underlying claims in Salazar's complaint. The third motion is for an order directing the Clerk of Court to send Salazar a compact disc ("CD") of an audio recording of the February 8, 2021 hearing. ECF No. 88. This motion will be granted.[1]

**I.      Motion to correct first amended complaint (ECF No. 82)**

Salazar seeks to amend her complaint for several reasons. She would like to change the gender pronouns in the complaint to reflect her gender identity, specify the date she was allegedly denied access to the chapel by defendant Calderin, modify her request for relief, and correct the complaint's verification. ECF No. 82 at 1–2.

---

[1] Salazar has also filed motions to extend the time to object to the Court's February 8, 2021 order and to file a response to an objection lodged by defendant Calderin. ECF Nos. 84 and 89. Those motions will be resolved by the district judge, so the Court does not address them today.

Under the Local Rules, "[t]he failure of an opposing party to file points and authorities in response to any motion," except a motion for attorney's fees or summary judgment, "constitutes a consent to the granting of the motion." LR 7-2(d).  Here, defendant has not opposed Salazar's motion to amend, and the deadline to do so has lapsed.  The Court construes defendant's nonresponse as his consent to the granting of Salazar's motion.  Therefore, the motion to amend will be granted.

## II. Motion for physical access to the law library (ECF No. 83)

Salazar requests an order authorizing her and her assisting inmate to physically access the law library at HDSP.  Salazar argues that the COVID-19 restrictions imposed by HDSP have impeded her ability to conduct legal research.  She claims that library staff consistently fail to honor her and her assistant's requests for legal materials.

In response, Calderin argues that Salazar's motion is in fact a request for injunctive relief. ECF No. 86 at 2.  According to Calderin, the Court must deny Salazar's motion because the underlying complaint lacks any connection to the issue of access to the HDSP law library. *Id.* Further, Calderin's counsel represents to the Court—on behalf of the Nevada Department of Corrections ("NDOC")—that the delays in processing law library requests are due to COVID-19 lockdowns, staff shortages, and an influx of e-filing obligations. *Id.* at 3.  The NDOC is apparently working to address these issues. *Id.*

An injunction is "[a] court order commanding or preventing an action." *Injunction*, BLACK'S LAW DICTIONARY (11th ed. 2019).  A preliminary injunction is an injunction issued before judgment is entered in a case. *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010).  Preliminary injunctions are "extraordinary" remedies. *Winter v. Natural Resources Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Injunctions are a form of equitable relief. *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016).  And the trial court's equitable power extends "only over the merits of the case or controversy before it." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).  It follows, then, that the Court lacks the authority to issue an injunction that is unrelated to claims pled in the complaint. *Id.* at 636.  Therefore, a movant requesting

injunctive relief must establish "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.*

In formulating this test, the Ninth Circuit relied on a decision from the Eighth Circuit in *Devose v. Herrington*. *Id.* (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)). There, the plaintiff was an incarcerated litigant who brought an Eighth Amendment claim against prison officials for failing to provide adequate medical treatment. *Devose*, 42 F.3d at 471. The plaintiff sought injunctive relief, claiming that—following the filing of his complaint—prison officials retaliated against him by filing trumped-up disciplinary charges and forcing him to perform work duties beyond his capabilities. *Id.* The trial court denied plaintiff's request for injunctive relief because the request was based on new assertions of mistreatment entirely unrelated to the claims raised and the relief requested in the complaint. *Id.* The new assertions might have supported additional claims against the prison officials, but they could not provide a basis for injunctive relief in the underlying lawsuit. *Id.* The Eighth Circuit affirmed. *Id.*

Here, the Ninth Circuit's decision in *Boardman* and its interpretation of *Devose* mandate denial of Salazar's motion. As stated, Salazar asks the Court to issue an order permitting her and her assisting inmate access to HDSP's law library. This is, in effect, a request for an injunction because—as Salazar writes in her motion—the Court's order would "direct HDSP law library supervisors . . . to permit plaintiff and her assisting inmate . . . to gain physical access to [the] law library." ECF No. 83 at 2. Therefore, the Court can grant Salazar's request only if the Court has the equitable power to do so.

The Court lacks the equitable power to grant Salazar's request because the injury asserted in Salazar's motion lacks a relationship to the conduct asserted in the underlying complaint. Salazar's complaint has two live claims. In the first claim, she alleges a violation of her right to freely exercise her religion based on defendant Calderin's supposed refusal to allow Salazar to practice her Thelemic religion. ECF No. 1 at 10. In the second claim, she alleges a violation of the Equal Protection Clause based on Calderin's supposed practice of treating Christian, Jewish, and Muslim inmates different from pagan inmates when it comes to switching religions. *Id.* at 11.

But in her motion, Salazar claims that her inability to access the law library is impeding her ability "to conduct adequate research." ECF No. 83 at 1.

Like the plaintiff in *Devose*, the injury claimed in Salazar's request for injunctive relief lacks a relationship to the legal claims and requests for relief in Salazar's complaint. ECF No. 82-1 at 11; ECF No. 2 at 21. Accordingly, the Court lacks the authority to issue Salazar's requested order, and her motion will be denied.[2, 3]

### III.    Motion for a CD containing the audio of the February hearing (ECF No. 88)

In her motion, Salazar informs the Court that she has access to equipment that enables her and her assisting inmate to listen to audio contained in a CD. ECF No. 88 at 2. As such, Salazar requests a CD containing the audio for the February hearing so that she may review the Court's rulings and prepare any objections thereto. *Id.*

The Court will grant this request and direct the Clerk of Court to send Salazar the requested CD. However, as the Court stated at the February hearing, the Court's order will extend no further than that.[4] In other words, once the CD reaches HDSP, the CD is subject to HDSP's procedures governing an inmate's receipt of materials.

---

[2] At ECF No. 50 Salazar filed a motion requesting the presence of her assisting inmate at a then-upcoming hearing. The basis of Salazar's request was that she was unfamiliar with the Local Rules and Federal Rules of Civil Procedure. ECF No. 50. The Court denied Salazar's request in part because, even as a pro se litigant, Salazar is required to comply with both sets of rules. ECF No. 80 at 3–4. The Court noted that if Salazar "does not have access" to the rules "either through the law library or through her assisting inmate, then she should file the appropriate motion with the Court." *Id.* However, now that the parties have briefed the issue raised by Salazar's request, the Court's analysis leads it to the conclusion that Salazar's request must be denied.

[3] The Court notes that in defense counsel's response, counsel points the Court to an affidavit filed in another case where the plaintiff likewise moved for injunctive relief to obtain library access. ECF No. 86 at 3 n.1. The affiant is HDSP law library supervisor Jacques Graham, who relays that access to the law library was restricted in accordance with HDSP's COVID-19 safety procedures. *Id.* He represents that due to COVID-19 the law library was functioning without the assistance of inmate law library workers. *Id.* However, as of the date of the affidavit (February 12, 2021, i.e., three days after Salazar filed her motion requesting library access), HDSP "now has six inmate law library workers approved and working in the law library." *Id.* Further, HDSP received approval to hire trained staff to work in the law library along with Graham; the employee hired for this position was scheduled to begin working in the library on February 22, 2021. *Id.* Therefore, the Court encourages Salazar to utilize the new law library workers and staff to meet her legal research needs.

[4] Audio Tr. of February 8, 2021 hearing at 3:07:36 PM–3:08:14 PM.

## IV. Conclusion

IT IS THEREFORE ORDERED that Salazar's motion to correct the first amended complaint (ECF No. 82) is GRANTED.  The Clerk of Court is kindly directed to detach and separately docket ECF No. 82-1 as the operative complaint.

IT IS FURTHER ORDERED that Salazar's motion for physical access to the law library at High Desert State Prison (ECF No. 83) is DENIED.

IT IS FURTHER ORDERED that Salazar's motion for a copy of a CD containing an audio recording of the February 8, 2021 hearing (ECF No. 88) is GRANTED.  The Court's courtroom administrator is kindly directed to send Salazar the requested CD.

DATED: March 15, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE